1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  BRIAN C. KINNEY, State Bar No. 245344
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5255
     Fax:  (415) 703-5843
8    Email:  Brian.Kinney@doj.ca.gov

9  Attorneys for Respondent Ben Curry, Warden at the
   Correctional Training Facility

10

11                IN THE UNITED STATES DISTRICT COURT
12
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
13
                      SAN FRANCISCO DIVISION
14

| | |
|---|---|
| 15 **Miguel Molina,** | C07-3313 MMC |
| 16 Petitioner, | **RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| 17 v. | |
| 18 **Ben Curry, Warden,** | |
| 19 Respondent. | |
| 20 | Judge:    The Honorable Maxine M. Chesney |

21      TO PETITIONER MIGUEL MOLINA, IN PRO PER:

22      PLEASE TAKE NOTICE that Respondent moves to dismiss the Petition for Writ of Habeas

23  Corpus, pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the

24  United States District Courts, on the ground that the petition is brought beyond the statute of

25  limitations.  This motion is based on the notice and motion, the supporting memorandum of

26  points and authorities and exhibits, the petition for writ of habeas corpus, the court records in this

27  action, and other such matters properly before this Court.

28  / / /

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **INTRODUCTION**

3        Petitioner Miguel Molina is a California state prisoner proceeding pro per in this matter.

4    Molina is lawfully in the custody of the California Department of Corrections and Rehabilitation

5    (CDCR) following his conviction for second-degree murder. (Ex. A, Abstract of Judgment.)  In

6    this Petition, Molina challenges the Governor's February 21, 2003 reversal of his parole grant.

7    (Pet. at p. 6-a.)  This Petition should be dismissed because Molina filed it beyond the one-year

8    statute of limitations.

9    **ARGUMENT**

10
11   **THE PETITION SHOULD BE DISMISSED BECAUSE IT WAS FILED
     AFTER THE ONE-YEAR STATUTE OF LIMITATIONS LAPSED.**

12       The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all federal

13   petitions for writs of habeas corpus filed on or after its April 24, 1996 effective date. *Lindh v.*

14   *Murphy*, 521 U.S. 320, 326 (1997).  Accordingly, AEDPA applies to this petition.

15       AEDPA enacted a one-year statute of limitations period during which a § 2254 federal

16   habeas corpus petition must be filed.  28 U.S.C. § 2244(d)(1).  The statute of limitations begins

17   to run from the latest of four circumstances, 28 U.S.C. § 2244(d)(1), only one of which is

18   relevant to this case.  *See id.*; *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding

19   sub-paragraph D of 28 U.S.C. § 2244(d)(1) applies to a habeas petition challenging an

20   administrative parole denial).  Specifically, the one-year limitations period begins to run one day

21   after the date the petitioner could have discovered the "factual predicate" of his federal habeas

22   corpus claim.  *Redd*, 343 F.3d at 1082.  "[T]he date of the 'factual predicate' . . . is determined

23   independently of the exhaustion requirement by inquiring when [the petitioner] could have

24   learned of the factual basis for his claim through the exercise of due diligence." *Id.*  In the parole

25   context, the decision to deny parole is the factual predicate of petitioner's claim that the denial

26   violated his due process rights.  *See id.* (holding that the parole board's decision affirming denial

27   of parole was factual predicate of petitioner's claim that the decision violated due process).

28   / / /

*Molina v. Curry*
C07-3313 MMC

2

1    Here, Governor Gray Davis reversed the California Board of Prison Terms'[1/] decision

2    granting Molina's parole. (Ex. B, Reversal Letter.) The reversal was documented in a February

3    21, 2003 letter. (*Id.*) Under *Redd*, the letter is the factual predicate for Molina's claim that the

4    Governor's decision violated his due process rights. Therefore, the one-year limitations period

5    began to run the next day, i.e., on February 22, 2003.

6    Molina filed his petition in this Court on June 25, 2007 — over three years after the

7    limitations period began. Thus, unless the statute of limitations is tolled, Molina's petition is

8    time barred.

9

### A.    Molina Is Not Entitled to Statutory Tolling for His 995-Day Filing Delay.

10

11    Under AEDPA, the limitations period is tolled during the pendency of a "properly filed

12    application for State post-conviction or other collateral review with respect to the pertinent

13    judgment or claim." 28 U.S.C. § 2244(d)(2). Generally, this means that the one-year statute of

14    limitations is tolled from the time a California prisoner files his first state habeas petition until

15    the California Supreme Court rejects his final collateral challenge. *Carey v. Saffold*, 536 U.S.

16    214, 219-20 (2006). However, the United States Supreme Court has clarified that "only a *timely*

17    appeal tolls AEDPA's 1-year limitations period," and "in California, 'unreasonable' delays are

18    not timely." *Evans v. Chavis*, 546 U.S. 189, 197 (2006) (italics original) (interpreting holding in

19    *Saffold*, 536 U.S. 214).

20    In *Chavis*, there was an unexplained six-month delay between the petitioner's California

21    Court of Appeal denial and his subsequent petition for review to the California Supreme Court.

22    *Id.* at 201. The Court held that "[s]ix months is far longer than the short periods of time, 30 to 60

23    days, that most States provide for filing an appeal to the state supreme court. . . . We have found

24    no authority suggesting, nor found any convincing reason to believe, that California would

25    consider an unjustified or unexplained 6-month filing delay reasonable." *Id.* (citing *Carey v.*

26    *Saffold,* 536 U.S. 214, 219 (2002)). Given the absence of clear direction for the term "reasonable

27

28    1. The Board of Prison Terms has since been renamed as the Board of Prison Hearings.

1  time," the Court also invested the federal courts with the role of conducting a case-by-case

2  determination to interpret this phrase. *Culver v. Dir. of Corr.*, 450 F.Supp.2d 1137, 1140 (C.D.

3  Cal. 2006) (citing *Chavis*, 126 S.Ct. at 852-53). Accordingly, the Central District recently held

4  that delays of 97 days and 71 days were likewise unreasonable and could not be tolled. *Culver*,

5  450 F. Supp. 2d at 1140-41.

6      Here, Molina originally filed an April 14, 2003 habeas petition in state superior court. (Ex.

7  C, Superior Court Petition.) The superior court granted the petition on September 17, 2003. (Ex.

8  D, Superior Court Order.) The grant of relief was appealed, and on July 22, 2004 the California

9  Court of Appeal reversed the superior court's decision. (Ex. E, Court of Appeal Opinion, dated

10 July 22, 2004.) Rather than appeal the reversal to the California Supreme Court, Molina waited

11 995 days, then filed his claim in the Court of Appeal — re-contesting the same claim — on April

12 13, 2007. (Ex. F, Court of Appeal Petition.) Thereafter, both the California Court of Appeal and

13 the California Supreme Court summarily denied his claim on April 19, 2007 and June 13, 2007,

14 respectively. (Ex. G, Court of Appeal Denial, dated April 19, 2007; Ex. H, Supreme Court

15 Petition; Ex. I, Supreme Court Denial.)

16      In his federal habeas petition, Molina fails to explain the 995-day delay between the July 22,

17 2004 California Court of Appeal decision and his April 13, 2007 California Court of Appeal

18 petition. Accordingly, the 995-day delay constitutes an unreasonable delay under *Chavis* and

19 *Cutler*, and the law prohibits tolling during this time period.

20      In addition to the 995-day delay, Molina accrued 51 days toward the limitations period

21 before filing his superior court petition (compare February 22, 2003, the start of the limitations

22 period, with superior court petition, dated April 14, 2003 [Ex. C]), and 12 days after the

23 California Supreme Court denial (compare Supreme Court denial, dated June 13, 2007 [Ex. H]

24 with Pet., dated June 25, 2007). Thus, even excluding the applicable tolling periods when

25 Molina's properly filed state petitions were pending, Molina took 1,058 days to bring his claim to

26 federal court. Accordingly, Molina's claim is untimely because he exceeded the statute of

27 limitations period by almost two years.

28 ///

Resp't's Not. of Mot. and Mot. to Dismiss; Supporting Mem. of P. & A.                    *Molina v. Curry*
C07-3313 MMC

4

1

**B.  Molina is Not Entitled to Equitable Tolling.**

2   In very rare cases, the one-year statute of limitations for filing a federal habeas petition may

3 be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it

4 impossible to file a petition on time." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

5 Equitable tolling "is justified in few cases," and "the threshold necessary to trigger equitable

6 tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn*, 345 F.3d at

7 799 (citing *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)) (internal quotation marks

8 omitted).  The burden is on the petitioner to prove that "extraordinary circumstances were the

9 cause of his untimeliness." *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).  A pro

10 se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance

11 warranting equitable tolling; nor is an attorney's general negligence. *Raspberry v. Garcia*, 448

12 F.3d 1150, 1154 (9th Cir. 2006); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).  Here,

13 Molina has not alleged or otherwise established any circumstances as the cause of his

14 untimeliness.  Accordingly, he is not entitled to equitable tolling.

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

Resp't's Not. of Mot. and Mot. to Dismiss; Supporting Mem. of P. & A.

*Molina v. Curry*
C07-3313 MMC

5

1
                                **CONCLUSION**

2        In summary, Molina's petition was filed beyond the one-year statute of limitations; it was

3    untimely by 693 days.  The law prevents both statutory and equitable tolling with regard to his

4    unreasonable and unjustified 995-day filing delay.  As a result, this Court should dismiss the

5    Petition as untimely.

6        Dated:  February 8, 2008

7

8

9                                Respectfully submitted,

10                               EDMUND G. BROWN JR.
                                 Attorney General of the State of California

11                               DANE R. GILLETTE
                                 Chief Assistant Attorney General
12
                                 JULIE L. GARLAND
13                               Senior Assistant Attorney General

14                               ANYA M. BINSACCA
                                 Supervising Deputy Attorney General

15

16

17                               /S/  BRIAN C. KINNEY
                                 BRIAN C. KINNEY
18                               Deputy Attorney General
                                 Attorneys for Respondent
19

20   40215086.wpd
21   SF2007200861

22

23

24

25

26

27

28

Resp't's Not. of Mot. and Mot. to Dismiss; Supporting Mem. of P. & A.                    *Molina v. Curry*
                                                                                          C07-3313 MMC

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:     **Miguel Molina v. Ben Curry, Warden**

Case No.:       **C07-3313 MMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **February 11, 2008**, I served the attached

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Miguel Molina   (D-21051)
Correctional Training Facility - East Dorm
P.O. Box  689
Soledad, CA  93960-0689
IN PRO PER

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **February 11, 2008**, at San Francisco, California.

| R. Panganiban | /S/R. Panganiban |
|---|---|
| Declarant | Signature |

40217030.wpd