Miguel Molina
D-21051   ED-076-Low
P.O. Box 689
Soledad, CA 93960-0689
Pro Se



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION


| | |
|---|---|
| MIGUEL MOLINA, ) | Case No. C07-3313 MMC |
| ) | |
| Petitioner, ) | |
| ) | **OPPOSITION TO RESPONDENT'S MOTION TO DISMISS** |
| v. ) | |
| ) | |
| BEN CURRY, Warden (A), et al., ) | |
| ) | |
| Respondent. ) | |


**OPPOSITION TO RESPONDENT'S MOTION TO DISMISS**
PETITIONER'S PENDING PETITION FOR WRIT OF HABEAS CORPUS.


Petitioner, Miguel Molina, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. ¶ 2254, challenging a decision to reverse his GRANT of PAROLE by the California Governor. The California Governor's decision is an administrative decision, which has NO STATE APPEAL PROCESS, including NO PROCESS IN WHICH TO ASK THE GOVERNOR TO REVIEW HIS DECISIONS AFTER NEW STATE AND FEDERAL COURT DECISIONS FIND THE GOVERNOR IS VIOLATING DUE PROCESS BY THE WAY HE REVERSES THE CALIFORNIA BOARD OF PAROLE HEARINGS.

Respondent's motion to dismiss is based on a procedural claim of untimeliness. Respondent claims Petitioner's Petition must be dismissed because said Petition was filed beyond the one year time limitation under 28 U.S.C. 2244 (d)(1).   NOT SO.

First, section 2244 (d)(1) only applies to a judgment of a State Court. The apparent reason Congress enacted 2244 (d)(1) was to ward off prejudice to the States in case of new trials. It is well known that trials conducted years and years after the offense prejudice the State due to loss of witnesses, loss of evidence, etc. Review of a reversal of a GRANT of PAROLE by the California Governor has no rise to any prejudicial effect. The California Governor merely reviews the same record used by the Parole Board to make his decision.

Second, the California Governor's decision is an "administrative decision" which Congress did not include in 28 U.S.C. § 2244. The statute has the same wording as does 28 U.S.C. § 2253. The United States Court of Appeals for the Ninth Circuit held in <u>Rosas v. Nielsen</u>, (2005) 428 F.3d 1229, STATUTE 28 U.S.C. § 2253(c)(1)(A) which requires a habeas petitioner to secure a certificate of appealability where "the detention complained of arises out of process issued by a State Court "is not required when a state prisoner challenges an "administrative decision" regarding the execution of his sentence.

Therefore, this Court must look at who made "the detention decision complained of by Petitioner, "the Governor who is an administrative body" not a "State Judicial Court" in determining whether 28 U.S.C. 2244(d)(1) applies.

The "target" of Petitioner's complaint is against the California Governor, who reversed Petitioner's GRANT of parole by the California Board of Parole Hearings. Therefore the "target" of Petitioner's claims in his habeas petition is not the State Court Judgment or sentence derived therefrom, the State Court is not allowed to parole petitioner. California Law, Penal Code § 3041 et. seq. gives the final decision of Petitioner's release on parole to the Governor, clearly an "administrative decision". It must be noted, that once the Governor reverses a GRANT of PAROLE, the decision is final, with no further review process, even after Courts find the Governor is violating federal due process. Also, it seems that

once the Governor denies Parole, that is it, life with the possibility of parole is converted to life without parole. Petitioner being GRANTED parole by the PAROLE BOARD, only to be denied PAROLE BY THE GOVERNOR clearly has no recourse to gain parole, going back in front of the parole board is a idle act, Petitioner has already succeeded there. In any event, Congress did not express or word 28 U.S.C. § 2244 to apply to "administrative decision".

Third, Petitioner, after being found suitable for PAROLE by the PAROLE BOARD, had his PAROLE reversed by the California Governor, then the California Superior Court found the California Governor violated State Law and reversed the Governor, only to have the California Court of Appeals reverse the Superior Court, all under California State Law, no Federal Due Process Claims could have been considered during these Court Proceedings. Why? Because no Federal Protected Liberty Interest in Parole existed prior to the 9th Circuit holding that indeterminate term inmates in California have a federal protected liberty interest in parole, <u>Sass v. California</u>, 461 F.3d 1123, a decision filed August 31, 2006.

Prior to this ruling there were no federal rights for the California Courts to decide making it impossible to exhaust petitioner's federal due process claims in the State Court prior to <u>Sass</u>, supra. The very reason petitioner filed a new Petition for Writ of Habeas Corpus in the California Court of Appeals on April 13, 2007, and California Supreme Court on June 13, 2007, to exhaust his federal habeas corpus claims.

As Respondent said, Petitioner's time limit, if he even has one, begins to run one day after the date the petitioner could have discovered the "factual predicate" of his federal habeas corpus claim. The discovery, therefore, of the "factual predicate" could not have been discovered until August 31, 2006, thus Petitioner's Petition filed in this Court on June 25, 2007 is timely.

In the instant case, there should be no time limit under 28 U.S.C. § 2244, even if there is one, it did not start to run until August 31, 2006, <u>Sass</u>, and

even if <u>Sass</u> fails, the "factual predicate" of federal due process claims against the Governor were not decided until the 9th Circuit decided <u>Hayward v. Marshall</u>, on JANUARY 3, 2008, 2008 U.S. App. LEXIS 40, 2008 DJDAR 93.

Respondent does not address Petitioner's individual claims, he seeks to discredit Petitioner's Petition on a wholesale basis of untimeliness. Because the time rule under 28 U.S.C. § 2244 should not apply, because Petitioner's claims are challenging an administrative decision verses a State Court decision, Respondent's Motion to Dismiss should be denied.

Further, as addressed, Petitioner was unable to exhaust his federal claims in the State Court, until discovery of his federal rights the California Governor is to adhere, were not established until August 13, 2006 in <u>Sass</u>, supra and January 3, 2008 in <u>Hayward</u>, supra.

Petitioner, being unable to exhaust his federal claims in the State Courts prior to those rights being clearly established by the 9th Circuit, has now timely filed and exhausted those federal due process protection rights the California Governor must follow prior to reversing a grant of parole by his parole board, having no other available remedy Petitioner begs this Court to consider his claims on their merits.

Petitioner also ask this Court to take notice that he has no available means for the California Governor to review his decision under current law, except by Petitioner's Petition for Writ of Habeas Corpus.

I, Miguel Molina, hereby declare under penalty of perjury all the above true and correct.

Respectfully Submitted,

*[signature: Miguel Molina]*

Miguel Molina  Pro Se          Dated: February 17, 2008

4

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _____MIGUEL MOLINA_____, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

> MIGUEL MOLINA , CDCR #: D-21051
> CORRECTIONAL TRAINING FACILITY
> P.O. BOX 689, CELL #: ED-076-LOW
> SOLEDAD, CA 93960-0689.

On ____FEBRUARY 17, 2008_____, I served the attached:

OPPOSITION TO RESPONDENT'S MOTION TO DISMISS
_____

_____

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

| | |
|---|---|
| UNITED STATES DISTRICT COURT | DEPARTMENT OF JUSTICE |
| NORTHERN DISTRICT OF CALIFORNIA | OFFICE OF THE ATTORNEY GENERAL |
| 450 GOLDEN GATE AVENUE | 455 GOLDEN GATE AVENUE #11000 |
| SAN FRANCISCO, CA 94102-3483 | SAN FRANCISCO, CA 94102-3664 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on FEBRUARY 17, 2008.

*/s/ Miguel Molina*
MIGUEL MOLINA
Declarant

Miguel Molina
D-21051 ED-076-Low
P.O. Box 689
Soledad, CA 93960-0689
Pro Se

LEGAL MAIL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102-3483



USA FIRST-CLASS FOREVER