1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT
7        FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9   MIGUEL MOLINA,                    )   No. C 07-3313 MMC (PR)
                                      )
              Petitioner,             )   **ORDER GRANTING MOTION TO**
10                                    )   **DISMISS**
    vs.                               )
11                                    )   **(Docket No. 9)**
    BEN CURRY, Warden,                )
12                                    )
              Respondent.             )
13  _____  )
14          On June 25, 2007, petitioner, a California prisoner incarcerated at the Correctional

15  Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of

16  habeas corpus pursuant to 28 U.S.C. § 2254.  On October 16, 2007, after reviewing the

17  petition, the Court ordered respondent to file an answer showing cause why the petition

18  should not be granted, or in the alternative, a motion to dismiss on procedural grounds.

19  Respondent chose the latter course, and has filed a motion to dismiss the petition on the

20  ground that the petition is barred by the applicable one-year statute of limitations.  See 28

21  U.S.C. § 2244(d).  Petitioner has filed an opposition; respondent has not filed a reply.

22                                **BACKGROUND**

23          In 1985, in the Superior Court of San Luis Obispo County ("Superior Court"),

24  petitioner was convicted of second degree murder.  He was sentenced to a term of fifteen

25  years to life in state prison.  In 2002, the California Board of Prison Terms ("Board") found

26  petitioner suitable for parole.  On February 21, 2003, then Governor Gray Davis reversed the

27  Board's decision.  (MTD Ex. B.)

28          On April 14, 2003, petitioner filed in the Superior Court a state habeas petition

**United States District Court**
For the Northern District of California

1    challenging the Governor's decision. (MTD Ex. C.) On September 17, 2003, the Superior

2    Court granted the petition. (MTD Ex. D.)

3        The state appealed, and, on July 22, 2004, the Court of Appeal reversed the Superior

4    Court's decision. (MTD Ex. E.)

5        Petitioner did not appeal the reversal to the California Supreme Court ("Supreme

6    Court"); rather, on April 13, 2007, he filed in the Court of Appeal a habeas petition

7    challenging the Governor's decision to reverse the grant of parole. (MTD Ex. F.) On April

8    19, 2007, the Court of Appeal denied the petition. (MTD Ex. G.)

9        On April 26, 2007, petitioner filed a petition for review in the California Supreme

10    Court. (MTD Ex. H.) On June 13, 2007, the California Supreme Court denied the petition.

11    (MTD Ex. I.)

12        On June 25, 2007, petitioner filed the instant federal habeas petition. Petitioner claims

13    the Governor's decision to reverse the grant of parole (1) was not based on sufficient

14    evidence, in violation of due process; (2) violates petitioner's rights under the Ex Post Facto

15    Clause of the Federal Constitution; and (3) was the result of a no-parole policy for murderers,

16    which policy denied petitioner his right to an impartial decision-maker, in violation of due

17    process.

**DISCUSSION**

19    A.      <u>Standard of Review</u>

20        The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 became law

21    on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a

22    writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-

23    capital state convictions or sentences must be filed within one year of the latest of:

24        (A) the date on which the judgment became final by the conclusion of direct
         review or the expiration of the time for seeking such review;

25

26        (B) the date on which the impediment to filing an application created by State
         action in violation of the Constitution or laws of the United States is removed,
         if the applicant was prevented from filing by such State action;

27

28        © the date on which the constitutional right asserted was initially recognized by
         the Supreme Court, if the right has been newly recognized by the Supreme

1    Court and made retroactively applicable to cases on collateral review; or

2    (D) the date on which the factual predicate of the claim or claims presented
     could have been discovered through the exercise of due diligence.

3

4    28 U.S.C. § 2244(d)(1).

5        Respondent moves to dismiss the instant petition on the ground that it was filed in

6    excess of the one-year limitations period.  Specifically, respondent argues the petition is

7    untimely because petitioner unreasonably delayed in filing his state habeas petition in the

8    Court of Appeal.  In opposition, petitioner argues the petition is timely because (1) there is no

9    time limit for challenging administrative decisions denying parole, and (2) he is entitled to

10   delayed commencement of the period of limitations.

11       The Court will address the parties' arguments as they apply to each of the relevant

12   time periods.

13   B.    Application of the Statute of Limitations to Parole Decisions

14       At the outset, petitioner argues his petition cannot be dismissed as untimely because,

15   as a matter of law, the statute of limitations applies only to state court judgments and does

16   not apply to administrative decisions such as the denial of parole.

17       Petitioner's argument is without merit.  The Ninth Circuit has made clear that the one-

18   year limitations period applies to all habeas petitions filed by persons in custody pursuant to

19   the judgment of a state court, even if the petition challenges a pertinent administrative

20   decision rather than a state court judgment.  See Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th

21   Cir. 2004).  Such administrative decisions include decisions denying parole.  See Redd v.

22   McGrath, 343 F.3d 1077, 1080 n.4 (9th Cir. 2003) (assuming without deciding that one-year

23   statute of limitations applies to decision denying parole.)  Further, of the four possible

24   starting dates for the one-year limitations period set forth at 28 U.S.C. § 2244(d)(1), the date

25   set forth under sub-paragraph D is the date applicable to a petition challenging a decision

26   denying parole.  See id. at 1082.  Under that provision, a federal habeas petition filed by a

27   prisoner challenging such decision must be filed within one year of "the date on which the

28   factual predicate of the claim or claims presented could have been discovered through the

United States District Court
For the Northern District of California

1    exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

2         As the one-year statute of limitations clearly applies to administrative decisions

3    denying parole, the Court must next determine the date on which the limitations period

4    commenced.

5    C.    <u>Commencement of the Limitations Period</u>

6         Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period begins to run one

7    day after the date the petitioner could have discovered the "factual predicate" of his federal

8    habeas corpus claim. <u>See</u> <u>Redd</u>, 343 F.3d at 1082.[1] "[T]he date of the 'factual predicate' . . .

9    . is determined independently of the exhaustion requirement by inquiring when [the

10   petitioner] could have learned of the factual basis for his claim through the exercise of due

11   diligence." <u>See</u> <u>id.</u>

12        Respondent argues petitioner learned of the factual predicate of the claims raised

13   herein on February 21, 2003, the date the Governor wrote a letter to petitioner informing him

14   that the decision to grant parole had been reversed.  (MTD Ex. B.)  Petitioner asserts,

15   however, that he did not learn of the factual predicate of his claims until more than three

16   years later when, on August 31, 2006, the Ninth Circuit filed its opinion in <u>Sass v. California</u>

17   <u>Bd. of Prison Terms</u>, 461 F.3d 1123 (9th Cir. 2006), holding that prisoners incarcerated in

18   California have a protected liberty interest in parole.

19        Petitioner's argument is not persuasive.  The Ninth Circuit has held that where a

20   petitioner's claim challenges an administrative decision, such petitioner learns of the factual

21   basis of that claim at the time the decision becomes final.  <u>See</u> <u>Shelby</u>, 391 F.3d at 1066

22   (holding limitations period began to run day after prisoner received timely notice of denial of

23   administrative appeal challenging disciplinary decision); <u>Redd</u>, 343 F.3d at 1079 (holding

24   limitations period began to run when Board of Prison Terms denied prisoner's administrative

25

26        [1]The one-year period is calculated in accordance with Rule 6(a) of the Federal Rules
     of Civil Procedure, the general rule for computing time in federal courts.  <u>See</u> <u>Patterson v.</u>
27   <u>Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).  Under Rule 6(a), "the day of the act, event, or
     default from which the designated period of time begins to run shall not be included" in
28   calculating the designated period of time.  Fed. R. Civ. P. 6(a).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  appeal challenging decision denying parole).  Here, the administrative decision at issue – the

2  Governor's February 21, 2003 decision reversing the grant of parole – became final when

3  issued because there are no provisions for further administrative review.  See Cal. Const., art.

4  V, § 8(b) (describing governor's parole authority and applicable procedures).  As the record

5  shows that a letter informing petitioner of the Governor's decision was sent to petitioner on

6  the same date the decision became final, (MTD Ex. B), and petitioner does not contend he

7  did not receive timely notice of said decision, the Court finds petitioner learned of the factual

8  predicate of his claims on February 21, 2003.

9      Petitioner asserts that even though he knew of the Governor's decision as of

10  February 21, 2003, he did not learn of the legal significance of such until August 31, 2006,

11  when Sass was filed, because "[n]o federal protected liberty interest in parole existed" prior

12  to Sass.  To the extent petitioner argues that he could not have discovered the legal predicate

13  of his claims until such decision, petitioner's argument likewise fails, as petitioner is

14  mistaken in his reading of the Sass decision.

15      In Sass, the Ninth Circuit considered the question, inter alia, whether the California

16  Supreme Court's decision in In re Dannenberg, 34 Cal. 4th 1061 (2005), superseded the

17  Ninth Circuit's earlier decisions holding that, under clearly established United States

18  Supreme Court case law, California's parole statutes give rise to a protected liberty interest in

19  parole.  See Sass, 461 F.3d at 1127 (discussing McQuillion v. Duncan, 306 F.3d 895 (9th Cir.

20  2002), and Biggs v. Terhune, 334 F.3d 910 (2003)).  Examining Dannenberg, the Ninth

21  Circuit found that the California Supreme Court's decision was limited to addressing the

22  narrow question of how the parole statutes should be applied, not whether such statutes

23  created a protected liberty interest, see Sass, 461 F.3d at 1127-28, and concluded that

24  "Dannenberg does not explicitly or implicitly hold that there is no constitutionally protected

25  liberty in parole," id. at 1128.  Consequently, the Ninth Circuit held, the petitioner in Sass

26  had a constitutionally protected interest in a parole date.  Id.

27      Contrary to petitioner's interpretation, Sass did not hold as a matter of first impression

28  that California's parole statutes give rise to a protected liberty interest in parole; rather, Sass

**United States District Court**
For the Northern District of California

1    reaffirmed the Ninth Circuit's earlier holdings in <u>McQuillion</u> and <u>Biggs</u> to that effect.  As

2    <u>McQuillion</u> was filed September 25, 2002, approximately five months before the date on

3    which the Governor reversed the grant of parole in petitioner's case, and <u>Biggs</u> was filed

4    June 30, 2003, approximately four months after the Governor's decision, petitioner's

5    assertion that he could not have discovered the legal predicate of his claims until 2006, when

6    <u>Sass</u> was filed, is unsupported.[2]

7         Based on the foregoing, the Court finds the factual predicate of petitioner's claims was

8    the Governor's February 21, 2003 decision to reverse the grant of parole; the one-year

9    limitations period thus began to run the next day, February 22, 2003, <u>see</u> <u>Redd</u>, 343 F.3d at

10   1082, and the presumptive filing date for petitioner's federal habeas petition was one year

11   later, February 22, 2004.  As the instant petition was not filed until June 25, 2007, the

12   petition, absent statutory or equitable tolling, is untimely.

13   D.   <u>Statutory Tolling</u>

14        The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during

15   which a properly filed application for State post-conviction or other collateral review with

16   respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Redd</u>,

17   343 F.3d at 1084 (holding prisoner challenging administrative decision receives statutory

18   tolling for period during which state habeas petition pending).  The statute of limitations is

19   not tolled, however, during the time between the date on which the relevant final decision

20   under 28 U.S.C. § 2244(d)(1) is issued and the date on which the first state collateral

21   challenge is filed.  <u>Nino v. Galaza</u> , 183 F.3d 1003, 1006 (9th Cir. 1999).  Thus, in the instant

22   ─────────────────

23   [2]Alternatively, petitioner argues he could not have discovered the legal predicate of
     his claims until the Ninth Circuit filed its decision in <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th
24   Cir. 2008), on January 3, 2008.  Such argument likewise is without merit.  In <u>Hayward</u>, the
     Ninth Circuit held that the Governor's reversal of a decision to grant parole violated due
25   process, as the decision was not supported by "some evidence."  <u>See</u> <u>id.</u> at 544-548.
     <u>Hayward</u>, however, did not create a new rule of law with respect to petitioner's due process
26   rights; rather, <u>Hayward</u> expressly relied on <u>Sass</u> for the proposition that prisoners in
     California have a protected liberty interest in parole.  <u>See id.</u> at 542.  In any event, <u>Hayward</u>
27   can no longer be relied upon as precedent, as the Ninth Circuit recently granted rehearing en
     banc.  <u>See Hayward v. Marshall</u>, 2008 WL 2131400 (9th Cir. May 16, 2008) (granting
28   rehearing en banc).

1  case, the statute began to run on February 22, 2003, the day after the Governor's decision

2  became final, and continued to run for 52 days, until petitioner filed a state habeas petition in

3  the Superior Court on April 14, 2003.

4      Ordinarily, the one-year limitations period is tolled under § 2244(d)(2) from the time a

5  California prisoner files his first state habeas petition until the California Supreme Court

6  rejects his final collateral challenge. <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2006).

7  Consequently, in the instant case, the limitations period would be tolled continuously from

8  April 14, 2003, when petitioner filed his first state habeas petition in the Superior Court, until

9  June 13, 2007, when the Supreme Court denied his final state habeas petition.  Respondent

10  argues that petitioner is not entitled to such continuous tolling of the limitations period,

11  however, because petitioner unreasonably delayed in filing his state habeas petition in the

12  Court of Appeal.  Although petitioner has not expressly addressed respondent's argument,

13  the Court will assume that petitioner's argument for delayed commencement of the statute of

14  limitations based on the <u>Sass</u> decision applies equally to the matter of his delayed filing in

15  state court.

16      The Court now reviews petitioner's state habeas petitions in order to determine

17  whether statutory tolling is available for each of the time periods during which those petitions

18  were pending in state court.

19          1.    <u>Superior Court Petition and the State's Appeal</u>

20      As noted above, on April 14, 2003, petitioner filed a state habeas petition in the

21  Superior Court; on September 17, 2003, the Superior Court granted the petition; the State of

22  California appealed the grant of relief; and on July 22, 2004, the Court of Appeal reversed

23  the Superior Court's decision.  There is no dispute that the limitations period was tolled

24  continuously from the date petitioner filed his Superior Court petition until the date of the

25  Court of Appeal's decision thereon.

26          2.    <u>Court of Appeal and Supreme Court Petitions</u>

27      Again, as noted, petitioner did not appeal the Court of Appeal's decision to the

28  Supreme Court, and instead, on April 13, 2007, 995 days after the Court of Appeal filed its

1  decision, petitioner filed a habeas petition in the Court of Appeal, after which, on April 19,

2  2007, the Court of Appeal denied the petition; thereafter, on April 26, 2007, petitioner filed a

3  petition for review in the Supreme Court, which petition was denied on June 13, 2007.

4        As discussed above, petitioner ordinarily would be entitled to continuous tolling from

5  the time his first state habeas petition was filed in the Superior Court until his final state

6  habeas petition was denied by the Supreme Court.  Accordingly, the Court next addresses

7  respondent's argument that petitioner is not entitled to statutory tolling for the 995 days that

8  elapsed between the Court of Appeal's July 22, 2004 reversal of the Superior Court's

9  decision and the filing of petitioner's petition in the Court of Appeal, based on unreasonable

10  delay in the filing of the latter petition.

11        In Evans v. Chavis, 546 U.S. 189 (2006), the United States Supreme Court clarified

12  that "only a *timely* appeal" tolls the one-year statute of limitations, and "in California,

13  'unreasonable' delays are not timely." Id. at 197.[3]  Where there is no clear indication from

14  the state court as to whether a petition was timely under California law, the federal court

15  must itself examine the delay and determine whether the petition was filed within what

16  California would consider a reasonable period of time. Id. at 197-98.  Even when a

17  California state habeas petition is denied on the merits, the federal court must determine

18  whether the petition was timely, if the issue of timeliness was not expressly addressed by the

19  state court. Id.

20        Here, the Court of Appeal denied petitioner's habeas petition summarily, without

21  expressly addressing the issue of timeliness.  Under such circumstances, this Court must

22  apply Chavis and determine whether the petition was filed within what California would

23  consider a reasonable period of time. See id. at 197 ("If the appearance of the words 'on the

24  merits' [in a California state court decision denying habeas relief] does not automatically

25

26        [3]In so doing, Evans reiterated the holding of Carey v. Saffold, 536 U.S. 214 (2002),
27  that the requirement that an appeal be filed without unreasonable delay applies, by analogy,
   to the filing of petitions for appellate review under California's collateral review process,
28  wherein a state prisoner may seek review of an adverse lower court decision by filing an
   original petition rather than a notice of appeal. Id. at 192-93.

United States District Court
For the Northern District of California

warrant a holding that the filing was timely, the absence of those words could not

automatically warrant a holding that the filing was timely.")

In <u>Chavis</u>, there was an unexplained six-month delay between the denial of the

petitioner's state habeas petition in the California Court of Appeal and the filing of his

subsequent petition in the California Supreme Court.  <u>Chavis</u> found the delay unreasonable,

holding as follows:

> Six months is far longer than the short periods of time, 30 to 60 days, that most
> States provide for filing an appeal to the state supreme court.  It is far longer
> than the 10-day period California gives a losing party to file a notice of appeal
> in the California Supreme Court.  We have found no authority suggesting, nor
> found any convincing reasons to believe, that California would consider an
> unjustified or unexplained 6-month delay reasonable.  Nor do we see how an
> unexplained delay of this magnitude could fall within the scope of the federal
> statutory word "pending" as interpreted in [<u>Carey v. Saffold</u>].

<u>Id.</u> at 201 (internal quotations and citations omitted).

<u>Chavis</u> thus made clear that, in California, an unjustified delay of six months, or 180

days, is presumptively unreasonable.  Applying <u>Chavis</u> to the instant matter, the Court finds

the California courts would consider the 995-day delay at issue herein unreasonable, absent

justification.

In California, a habeas petitioner must justify any significant or substantial delay in

seeking habeas corpus relief.  <u>King v. Lamarque</u>, 464 F.3d 963, 966 (9th Cir. 2006) (citing <u>In</u>

<u>re Clark</u>, 5 Cal. 4th 750, 750-51 (1993)); <u>see also</u> <u>In re Robbins</u>, 18 Cal. 4th 770, 805 (1998)

("A claim or subclaim that is substantially delayed will nevertheless be considered on the

merits if the petitioner can demonstrate 'good cause' for the delay.")  The California courts

have not set forth standards for determining what factors justify any particular length of

delay, however.  <u>See</u> <u>King</u>, 464 F.3d at 966.  Here, the only justification offered by petitioner

for his delayed filing in the Court of Appeal is his assertion, discussed above, that he could

not have filed his petition in the Court of Appeal prior to the Ninth Circuit's decision in <u>Sass</u>

<u>v. California Bd. of Prison Terms</u>, 461 F.3d 1123 (9th Cir. 2006).  As noted, however, such

assertion is unsupported, in that the Ninth Circuit had clearly held as of the date of its

decision in <u>McQuillion v. Duncan</u>, 306 F.3d 895 (9th Cir. 2002), that California prisoners

**United States District Court**
For the Northern District of California

9

**United States District Court**
For the Northern District of California

1   had a protected liberty interest in parole.[4]

2       Based on the foregoing, the Court finds the Court of Appeal would not have found

3   petitioner's delayed filing was justified; accordingly, as the 995-day delay was both

4   unreasonable and unjustified, petitioner is not entitled to statutory tolling for that period.

5       Petitioner is entitled, however, to statutory tolling for the 61 days that elapsed between

6   the filing of the petition in the Court of Appeal and the denial of the petition for review by

7   the Supreme Court.

8       3.    Federal Habeas Petition

9       On June 14, 2007, the day after the Supreme Court's denial, the statute of limitations

10  began to run, and it continued to do so until petitioner filed the instant petition 12 days later,

11  on June 25, 2007.

12      In sum, by the time petitioner filed his federal habeas petition, the following periods

13  of time had run against the statute of limitations: (1) 52 days before the filing of petitioner's

14  Superior Court petition; (2) 995 days between the Court of Appeal's July 22, 2004 decision

15  and the filing of the petition in the Court of Appeal on April 13, 2007; and (3) 12 days after

16  the denial of the Supreme Court petition and the filing of the instant petition.  Thus, 1059

17  days elapsed from the date on which the Governor's decision to reverse the grant of parole

18  became final and the date on which petitioner filed the instant federal habeas petition.  As

19  this number of days exceeds the one-year limitations period by almost two years, the petition

20  is untimely, unless petitioner can show he is entitled to equitable tolling.

21

22

23      [4]The Court notes that in the petition filed by petitioner in the Court of Appeal,
24  petitioner also argued that the Governor's decision should be reversed in view of certain
    Courts of Appeal decisions filed in 2005 and 2006, in which the Governor was found to have
25  improperly reversed a grant of parole.  (MTD Ex. F at 2.)  Said rulings, however, did not
    alter the legal standard set forth by the California Supreme Court in In re Rosenkrantz, 29
26  Cal. 4th 616, 660-63 (2002), for reviewing such decisions.  See In re Elkins, 144 Cal. App.
    4th 475, 488-89 (2006) (holding Rosenkrantz applies to review of Governor's decision to
27  reverse parole); In re Lee, 143 Cal. App. 4th 1400, 1407-08 (2005) (same); In re Scott, 133
    Cal. App. 4th 573, 578, 590 (2005) (same).  As Rosenkrantz was decided before the
28  Governor's decision at issue herein, the Court concludes the Court of Appeal would not have
    found petitioner's delayed filing was justified by the above-cited subsequent decisions.

E.    Equitable Tolling

The United States Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to [the one-year] statute of limitations." Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005). The Ninth Circuit has held, however, that the one-year limitations period may be equitably tolled. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

Equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006). Specifically, the prisoner must show that the extraordinary circumstances were the cause of his untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Equitable tolling is justified in few cases, as the threshold necessary to trigger such tolling is very high. Id. The petitioner bears the burden of showing that he is entitled to equitable tolling, and the determination whether such tolling applies is a fact-specific inquiry. Id.

Here, petitioner has not argued that he is entitled to equitable tolling, and no grounds for such tolling are apparent from the record that has been developed in this matter. Accordingly, the Court finds petitioner is not entitled to equitable tolling of the one-year limitations period.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss the petition as untimely is hereby GRANTED and the petition for a writ of habeas corpus is hereby DISMISSED.

This order terminates Docket No. 9.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 9, 2008

_____
MAXINE M. CHESNEY
United States District Judge